**FILED**

**JANUARY 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DONALD L. BUSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE | ) |
| DETECTIVE VITO FERRO, CHICAGO POLICE | ) |
| DETECTIVE JOHN SEBECK, UNKNOWN CHICAGO | ) |
| POLICE OFFICERS, AND JAY B. ROSS, | ) |
| | ) |
| Defendants. | ) |

**08 C 136**

**JUDGE GOTTSCHALL
MAGISTRATE JUDGE ASHMAN**

## COMPLAINT

NOW COMES Plaintiff, DONALD L. BUSBY, through his attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, CHICAGO POLICE DETECTIVE VITO FERRO, CHICAGO POLICE DETECTIVE JOHN SEBECK, UNKNOWN CHICAGO POLICE OFFICERS, AND JAY B. ROSS,  states as follows:

### Introduction

1.    This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.    Venue is proper under 28 U.S.C. § 1391(b).  On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## The Parties

4.    Plaintiff, Donald L. Busby, is a 43 year-old husband and father of three.  Plaintiff resides in Lombard, Illinois where he is the owner and operator of Busby Roofing and Construction, Inc.

5.    Defendants Detective Vito Ferro, Detective John Sebeck, and the as-yet unidentified Defendant police officers are members of the Chicago Police Department (henceforth collectively referred to as "Defendant Detectives"), who at all times relevant to this Complaint, acted under color of state law as officers of the City of Chicago and acted within the scope of their employment.

6.    Defendant City of Chicago ("City") is an Illinois municipal corporation that operates the Chicago Police Department ("Department").  The City Council is the final policy maker for the City of Chicago with regard to police policies and practices. The City Council has delegated to the Superintendent of Police the authority and responsibility for the day to day operation of the Department.

7.    Defendant Jay B. Ross is a resident of Chicago, Illinois who contracted for Plaintiff's roofing services in approximately November 2006.

2

### Factual Allegations

8.    On approximately November 12, 2007, the Defendant Detectives came to Plaintiff's home in Lombard, Illinois and arrested him for a crime that he did not commit, and which the Defendant Detectives knew he did not commit.

9.    While at his home, the Defendant Detectives refused to tell Plaintiff why he was being arrested.

10.    In route from Lombard to the police station in Chicago, the Defendant Detectives told Plaintiff that he was being arrested for home repair fraud on Defendant Jay B. Ross.

11.    Plaintiff informed the Defendant Detectives that he did not do what they accused him of doing and that he had the documents to prove it.  Plaintiff further explained that he did not owe Defendant Ross any money and that review of his files would prove this to Defendant Detectives.

12.    The Defendant Detectives ignored Plaintiff's statements and instead told Plaintiff that he had to come up with $4,000 in cash that night or he would be charged with a felony home repair fraud and would go to jail.

13.    On information and belief, Defendant Jay B. Ross had contacted Defendant Detectives prior to Plaintiff's false arrest and conspired with them to falsely arrest Plaintiff and to unlawfully obtain $4,000 from him by abusing their police powers.

14.  At the police station, Plaintiff was locked in an interrogation room.  All of his possession were taken from him except for his cell phone.

15.  The Defendant Detectives ordered Plaintiff to make phone calls to get $4,000 in cash to the station before midnight, which was only an hour or two away.

16.  When Plaintiff was unable to come up with $4,000 in cash that night, the Defendant Detectives told him that they would hold him until they returned to work the following afternoon.

17.  Plaintiff was then taken to the lock-up facility within the station, where he was booked, photographed, and fingerprinted.  At no point while he was in custody was Plaintiff brought before a judge or permitted an opportunity to post a legitimate bond.

18.  Plaintiff spent the next the next 14 hours in the lock-up.  He had no mattress to sleep on and was given only one bologna sandwich to eat.

19.  At approximately 2:00 p.m. on November 13, 2007, Plaintiff was taken from the lock-up by an unknown Chicago Police Officer and back to the detective division.

20.  Over the course of the next five hours, Plaintiff was placed in multiple line-ups on criminal cases completely unrelated to him or the alleged allegations against him.

4

21.   During the course of the afternoon, he saw one of the Defendant Detectives, but was told that his issue with them would have to wait and that they (the Defendant Detectives) would talk to him later.

22.   Unknown to Plaintiff, at approximately 3:30 p.m., his wife had brought the $4,000 in cash to the police station and gave it to Defendant Vitto Faro.

23.   Although Mrs. Busby brought the cash demanded by the Defendant Detectives, Plaintiff was still not released from police custody until three to four hours later that night.   Mr. Busby was not at any time charged with any crime.

## COUNT I - 42 U.S.C. § 1983

### Conspiracy

24.   Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

25.   Prior to the false arrest and unlawful detention of Plaintiff described above, the Defendant Detectives entered into an agreement amongst themselves and with Defendant Jay B. Ross to falsely arrest Plaintiff in violation of his constitutional rights and to unlawfully take his property.

26.   Each of the Defendant Detectives and Defendant Jay B. Ross committed overt acts and were willful participants in joint activity acting under color of law.

5

27.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

28.  As a proximate result of this conspiracy, Plaintiff suffered damages, including the deprivation of his constitutional rights, emotional distress and financial loss.

### COUNT II - 42 U.S.C. § 1983

### 4th Amendment – False Arrest

29.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

30.  As described more fully above, the Defendants falsely arrested Plaintiff without justification and without probable cause.

31.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

32.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.  As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers,

6

such that its failure to do so manifests deliberate indifference;

       b.   As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

       c.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

       d.   Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

       e.   The City of Chicago has knowledge of, and the relevant policymakers have failed to act to remedy, the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

33.  As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT III - 42 U.S.C. § 1983

### 4th Amendment - Unlawful Detention

34.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

35.  As described more fully above, the Defendants unlawfully detained Plaintiff without justification and without probable cause.

36.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

38.  As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages including but not limited to mental distress and anguish.

## Count IV - 42 U.S.C. § 1983

### Failure to Intervene

39.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

40.  During the events as described more fully above, one or more of the Defendant Detectives stood by and watched without intervening to prevent the unconstitutional and illegal conduct to which Plaintiff was subjected.  These Defendants had a reasonable opportunity to prevent the harm had they been so inclined, but failed to do so.

41.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

42.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

43.  As a result of the Defendants' failure to intervene to prevent the violations of Plaintiff's constitutional rights, Plaintiff suffered damages including but not limited to mental distress and anguish.

## COUNT V - State Law Claim

### Conversion

44.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

45.  Plaintiff has an absolute and unconditional right to immediate possession of the above-described property, to wit, $4000 in United States currency.

46.   Plaintiff has made a demand for possession of the above-described property.

47.   The Defendant Detectives and Defendant Jay B. Ross wrongfully and without authorization assumed control, dominion and/or ownership over the above-described property in the manner described more fully above.

48.   The Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

49.   As a result of the Defendants' wrongful conversation of Plaintiff's property, Plaintiff has suffered damages including monetary and emotional injuries.

### COUNT VI – State Law Claim

### False Arrest/False Imprisonment

50.   Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

51.   Plaintiff was arrested and detained despite Defendants Detectives' and Defendant Jay B. Ross's knowledge that there was no lawful justification for doing so.

52.   In the manner described more fully above, the Defendants unlawfully restrained Plaintiff's liberty by imprisoning him.

53.    The misconduct set forth above was undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

54.    As a result of this misconduct, Plaintiff has suffered and continues to suffer damages including but not limited to emotional distress and anguish.

## COUNT VII - State Law Claim

### Respondeat Superior

55.    Each of the foregoing Paragraphs is incorporated as if restated fully herein.

56.    In committing the acts alleged in the preceding paragraphs, the Defendant Detectives were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

57.    Defendant City of Chicago is liable as principal for all torts committed by its agents.

## COUNT VIII - State Law Claim

### Indemnification

58.    Each of the foregoing Paragraphs is incorporated as if restated fully herein.

59.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

60.  The Defendant Detectives are or were employees of the Chicago Police Department, who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, DAN BUSBY, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE DETECTIVE VITO FERRO, CHICAGO POLICE DETECTIVE JOHN SEBECK, UNKNOWN CHICAGO POLICE OFFICERS, AND JAY B. ROSS, awarding compensatory damages and attorneys' fees, along with punitive damages against CHICAGO POLICE DETECTIVE VITO FERRO, CHICAGO POLICE DETECTIVE JOHN SEBECK, AND JAY B. ROSS in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, DAN BUSBY, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys  for Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

12