**EXHIBIT B**

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD L. BUSBY, | ) |
| Plaintiff, | ) Case No.: 08 C 136 |
| | ) Judge Gottschall |
| CITY OF CHICAGO, CHICAGO POLICE DETECTIVE VITO FERRO, CHICAGO POLICE DETECTIVE JOHN SEBECK, UNKNOWN CHICAGO POLICE OFFICERS, and JAY B. ROSS | ) Magistrate Judge Ashman |
| Defendants. | ) |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff DONALD L. BUSBY ("Plaintiff") by his attorneys, Jonathan I. Loevy and Amanda C. Antholt, and Defendant JAY B. ROSS ("Defendant"), by his attorney, James G. Sotos, herein stipulate and agree to the following:

1. This action was brought by Plaintiff Donald Busby against Defendants, City of Chicago, Chicago Police Detective Vito Ferro, Chicago Police Detective John Sebeck, and Jay B. Ross, and makes certain allegations contained in Plaintiff's complaint. This settlement is intended to mutually release all claims Plaintiff has against Defendant Jay Ross, and any potential claim Jay Ross may have against Plaintiff.

2. Defendant Jay Ross denies each and every allegation of wrongdoing as stated in Plaintiff's complaint, and further, denies liability.

3. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of

Defendant Ross, and shall not serve as evidence or notice of any wrongdoing by or on the part of Defendant Ross. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and his attorneys agree that they or any firm with which said attorney are affiliated or with which said attorneys may later become affiliated shall not use this settlement as notice of misconduct on the part of Defendant Ross, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff agrees to dismiss with prejudice, all of his claims against Defendant Jay Ross, with each side bearing its own costs and attorney's fees.

5. Plaintiff, Donald L. Busby, accepts a settlement from Defendant, Jay B. Ross, in the total amount of TWO THOUSAND ($2,000.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

6. Farmer's Insurance Company, on behalf of Jay B. Ross, agrees to pay plaintiff the total settlement amount within forty five (45) days after the entry of a signed copy of the Agreed Order of Dismissal on the District Court's ECF system. This sum shall be payable solely by Farmer's Insurance Company, and Plaintiff and his attorneys agree that they will not seek payment from any source other than Farmer's Insurance Company. The settlement check is to be made payable to Plaintiff, Donald Busby, his attorneys, Loevy & Loevy, and lien claimants, if any, of which Farmer's Insurance Company has notice.

7. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff agrees to indemnify and hold harmless Defendant Jay Ross from any claims, losses, damages or expenses, including attorneys fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by Plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

8. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, Plaintiff does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against Defendant Jay B. Ross, including but not limited to all claims he has, had, or may have in the future, under local, state or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation.

9. Defendant, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, Defendant does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he has against Plaintiff Donald L. Busby, including but not limited to all claims he has, had, or may have in the future, under local, state or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation.

10. This Release and Settlement Agreement and any documents that may be executed under paragraph 14 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto,

jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

11. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

12. In entering into this Release and Settlement Agreement, Plaintiff represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorneys, and that those terms are fully understood and voluntarily accepted by Plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and to receive the sums specified herein, and that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

13. In entering into this Release and Settlement Agreement, Defendant represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorneys, and that those terms are fully understood and voluntarily accepted by Defendant. Defendant also represents and warrants that no other person or entity has or has had any interest in the potential claims or causes of action referred to herein, that he and his attorneys have the sole right and exclusive authority to execute this Release and Settlement

Agreement, and that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the potential claims or causes of action referred to herein.

14. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

BY: _____ 4·1·08
James G. Sotos
Attorney for Defendant Jay B. Ross
James G. Sotos & Associates, Ltd.
550 E. Devon Ave. Suite 150
Itasca, IL 60143
(630) 735-3300

DATE: _____

_____
ARTHUR LOEVY
~~Amanda C. Antholt~~
Attorney for Plaintiff Donald L. Busby
Loevy and Loevy
312 N. May St. Suite 100
Chicago, IL 60607
(312) 243-5900

DATE: 3/27/08

_____
Defendant Jay B. Ross
DATE: 4-1-08

_____
~~Plaintiff Donald L.~~ Busby
DATE: 3/27/08

5